Judge

CA 08-101 JJF

Joseph J. Farnan

here are Document in support of my habeus corpus, I'm Sending Them, Because I JUST Recived my preliminary hearing Transcript (Copys). That's why They were not Sent with The habeus Corpus when I Sent it in.



Thank you

James Addison



RECEIVED

APR 2 8 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Exhib. T
(A)

Adult Complaint and Warrant
## In the Justice of the Peace Court
In and for the
## State of Delaware

### State of Delaware vs. **JAMES ADDISON JUNIOR**

I, M/CPL. BARRY J MULLINS (6725) of Wilmington PD, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **2** charges, and to be further dealt with as the law directs.

X_____
Affiant

Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)
A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain _____

### Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of **2** charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **JAMES ADDISON JUNIOR** accused, and bring same before

**Justice of the Peace Court 20, FORTHWITH, to answer said charges**

GIVEN UNDER MY HAND, this ____ day of _____, AD _____

_____
Judge/Commissioner/Court Official

Executed on _____ by _____
Case Number: **05 12 007453**  Warrant Number:  **30 05 005619**  Arrest Number:

State of Delaware vs. **JAMES ADDISON JUNIOR**          Case Number: 05 12 007453

## Exhibit B

SBI Number: **00149487**      Also Known As:
Date of Birth/Age: **11/30/1963 (42)**          Sex: **Male**          Race: **Black**
Eye Color: **Brown**          Hair Color: **Black**          Height: **6'03"**      Weight: **185 lbs**
Driver's License: **DE - 0890962**          Social Security Number: **222604014**

Address: **1029 N SCOTT ST**                    Next of Kin, Address, Employer
    **WILMINGTON, DE 19805**          **CHARLOTTE ADDISON**
Phone:                                          **1029 N SCOTT ST**
                                                **WILMINGTON, DE 198050000**
Employer: **AMERICAN TANK**                     Phone: **3026582660**

    **(302) 654-4306**
Date and Times of Offense: **12/09/2005 at 0430**
Location of Offense: **1405 N HARRISON ST - Wilmington, 19806**

Your affiant M/CPL. BARRY J MULLINS can truly state that:
1. Your affiant is currently employed by the Wilmington Department of Police as a police officer and I have been
employed in said capacity 11 March 1991. Your affiant is currently assigned to Wilmington Department of
Police Criminal Investigative Division
as a criminal investigator.

2. On Friday 09 December 2005, your affiant was assigned to investigate a Burglary 2nd Degree, theft (under)
which occurred at 1405 N. Harrison Street, Apt. 2, Wilmington, Delaware. This location is within the boundaries
of the City of Wilmington, New Castle County, and the State of Delaware.

3. On Friday 09 December 2005 at 1130 hours, officers of the Wilmington Department of Police apprehended
James Addison, black male, d.o.b. 11-30-63 on the rear fire escape of 1411 N. Harrison Street, Wilmington,
Delaware. Subsequently located in the possession of James Addison were (6) DVD's and $31.00 United States
currency.

4. On Friday 09 december 2005 at 1550 hours, William Moffa, white male, d.o.b. 10-21-70 of 1405 N. Harrison
Street, Apt. 2, Wilmington, Delaware notified the Wilmington Department of Police that his apartment have been
burglarized.
Your affiant conducted an interview of William Moffa and he stated that he left his residence on this date at 0430
hours and when he returned to his residence at 1430 hours he discovered that (6) DVD's and $31.00 United States
currency were missing from his residence.

5. William Moffa stated to your affiant that the (6) stolen DVD's were the following: Batman Begins, Deuce
Bigalow European Gigolo, House of Wax, Madagascar, Mr. & Mrs. Smith, and Saturday The 14th. It should be
noted that these were the (6) DVD's located in the possession of James Addison.

6. William Moffa also stated to your affiant that the denominations of stolen $31.00 United States currency were
1) twenty dollar bill, (1) ten dollar bill, and (1) one dollar bill. It should be noted that located in the possession of
James Addison were $31.00 United States currency, and the denominations were (1) twenty dollar bill, (1) ten
dollar bill, and (1) one dollar bill.

_____
Affiant
Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

State of Delaware vs. **JAMES ADDISON JUNIOR**        Case Number:  05 12 007453

7. Your affiant prays that this arrest warrant be authorized for the arrest of James Addison, black male, d.o.b. 11-30-63 on the aforementioned criminal charges.

Affiant: M/CPL. BARRY J MULLINS (6725) of Wilmington PD

| Victim: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| WILLIAM J MOFFA | 10/21/1970 | Stranger |

_____
Affiant

Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

State of Delaware vs. **JAMES ADDISON JUNIOR**                    Case Number:  05 12 007453

## Exhibit A

Charge Sequence: 001        Police Complaint Number: 30 05 019004  Arrest Number:  05005363
Charge: **Burglary Second Degree Dwelling**
In Violation of 11 Del.C. § 0825 0001 F D
Location: 1405 N HARRISON ST - Wilmington, 19806

TO WIT: JAMES  ADDISON, J, on or about the 9th day of DECEMBER, 2005, in the County of NEW
CASTLE, State of Delaware, did knowingly enter or remain unlawfully in a dwelling located at 1405 N.
Harrison Street, Apt. 2, Wilmington, Delaware, with the intent to commit the crime of  theft,  therein.


Charge Sequence: 002        Police Complaint Number: 30 05 019004  Arrest Number:  05005363
Charge: **Theft Under $1000 (Deprive Person)**
In Violation of 11 Del.C. § 0841 000A M A
Location: 1405 N HARRISON ST - Wilmington, 19806

TO WIT: JAMES  ADDISON, J, on or about the 9th day of DECEMBER, 2005, in the County of NEW
CASTLE, State of Delaware, did take with intent to appropriate, property consisting of (6) DVD's
valued at $20.00 per disc and $31.00 United States currency, belonging to WILLIAM J MOFFA, and
valued at less than $1000.00.

$Exhibit$
$(B)$

# IN THE COURT OF COMMON PLEAS

## FOR THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) Preliminary Hearing - |
| v. | )                    December 19, 2005 |
| | ) |
| JAMES ADDISON, JR., | ) Superior Court ID No. 0512007453 |
| | ) |
| Defendant. | ) |

**BEFORE:**

### COMMISSIONER MARY M. McDONOUGH

**APPEARANCES:**

> **KARA R. HAINES, ESQ.**
> **for the State**
>
> **LYDIA SWANSON COX, ESQ.**
> **for the Defendant**

## PARTIAL TRANSCRIPT OF PRELIMINARY HEARING

2

## INDEX TO TESTIMONY

**STATE'S EVIDENCE**                              Direct      Cross

Det. Barry Mullins . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3            8

- - - - -

3

MS. HAINES:    Your Honor, the State's ready to proceed on item two regarding James Addison.  At this time, the State calls Corporal Mullins.

THE COURT:    Thank you.

### STATE'S EVIDENCE

### DET. BARRY MULLINS

DET. BARRY MULLINS, having been duly sworn according to law, was examined and testified as follows:

### DIRECT EXAMINATION

BY MS. HAINES:

Q.    Officer Mullins, you're employed by the Wilmington Police, is that correct?

A.    That is correct.

Q.    Can you tell us if you were assigned to investigate a burglary on December 9th of this year occurring around 4:30 or so in the morning?

A.    That is correct, I was.

Q.    Was that address 1405 North Harrison Street of that burglary on the 9th of December?

A.    Correct, Apartment 2, Wilmington, Delaware, City of Wilmington, New Castle County, State of Delaware.

Q.    Thank you.

Mullins - direct                                    4

Can you tell us, was there, did, did anyone speak to the occupants to determine what was reported to have been taken --

A.    Yes.

Q.    -- from that residence?

A.    Yes.  I had spoken to the sole occupant of the apartment.

Q.    And what did you determine had been taken?

A.    What had been taken from the apartment were six DVDs and $31.00 in United States currency.

Q.    Now, how was entry reported to have been made, did you determine that?

A.    Yes.  The port of entry in the burglary was a second floor rear window, which was left unsecured by the occupant.

Q.    Now, were there any occupants inside the residence at the time of the burglary?

A.    No.

Q.    Were you able to speak to the occupant?

A.    Yes.

Q.    Did you determine at what point the occupant had left?

A.    Yes.  The owner of the apartment stated that he left his residence at, approximately, 4:30 in the morning on the 9th.  He returned at, approximately, 2:30 p.m. on the same day.  When he came home, he

Mullins - direct                                    5

unlocked his front door, he went inside, and he initially knew something

was wrong through the fact that a particular coat he normally keeps in his

closet was not in the closet, it was laying on the, a couch in the living room,

which immediately, I guess, set off some warning signs that someone had

been inside his apartment.  He then looked around.

He determined that the $31.00 United States currency and the

six DVDs were taken.  He also, subsequently, determined that the rear

back door was unlocked, which when he left at 4:30 in the morning, he had

secured.  And he also had determined that the rear second floor window

was partially open.

Q.     And how did he leave that window when he had left the

residence?

A.     Closed, but unlocked.

Q.     Okay.  And you indicated the back door had been previously

locked?

A.     Correct.

Q.     Now, if you were inside that residence and left through the

back door, would you have to unlock it in order to leave?

A.     Yes.

Q.     And can you tell us, the DVDs that he identified as being

taken, were they later recovered that same day?

Mullins - direct                              6

A.    Yes, they were.

Q.    And do you know where they were found?

A.    Yes, in the possession of James Addison.

Q.    And do you know how they were recovered by him, like, what

prompted the police to know that they were, that they were in his

possession?

A.    He was stopped, I guess, a couple apartment buildings to the

south, attempting, I guess, to gain access to a, another apartment.

Q.    Okay.  So, this residence at 1405 North Harrison Street,

where is that in relation to the, to the attempted burglary where he was

found?

A.    There's 1405 where this burglary occurred, and there's two

other apartment buildings, 1407, 1409, and there was 1411, which is the

rear of, which, where he was apprehended.

Q.    Okay.  Now, did you determine the ownership of these DVDs?

A.    Yes.  When I spoke to the, the victim, I asked him what the

DVDs were, and he recited these, the six titles of each of the DVDs.  And

those were, in fact, the six that Mr. Addison had in his possession.

Q.    And can you tell us, you indicated that there was also money

taken.  Where had the money been inside of the residence?  You indicated,

I think, $31.00?

Mullins - direct                                                    7

A.      $31.00, he had it in a mug in, in one of the rooms of, of the apartment.

Q.      Okay.  Now, is, are the six DVDs, are they recovered and now returned to the victim?

A.      That is correct.

Q.      Okay.  Is the money still outstanding?

A.      Yes, correct.  The money's never been recovered.

Q.      And did you have an opportunity at all to see or speak to James Addison as a result of the incident in which he was stopped hours later?

A.      Yes.

Q.      And can you identify that person today?

A.      Yes.  He's sitting there at the defense table in the white Department of Corrections attire (indicating).

Q.      And that is the person that you charged and arrested with this incident?

A.      Correct, we then charged him...

MS. HAINES:    Nothing further, Your Honor.

THE COURT:    Thank you.

Ms. Cox?

### CROSS-EXAMINATION

Mullins - cross                                    8

BY MS. COX:

Q.    Detective Mullins, you indicated that you interviewed Mr.

Addison?

A.    I talked to him, yes.

Q.    Okay.  Was that at Headquarters?

A.    Yes.

Q.    And did you tape that interview in any way?

A.    No.

Q.    You Mirandized him?

A.    No.

Q.    You did not Mirandize him?

A.    I didn't, no.

Q.    Did he provide you with a statement?

A.    No.

Q.    So, there was no statement?

A.    Correct.

Q.    Well, when you spoke to the victim, did you ask him spe, did

you ask him specifically what DVDs were missing, or did you ask him to

tell you what DVDs were missing?

A.    I asked him what DVDs were missing, and he --

Q.    And he's...

10

## CERTIFICATE OF REPORTER

I, Cheryl J. Simmons, Official Court Reporter of the Court of Common Pleas, State of Delaware, do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, as monitored and electronically recorded, in the Court of Common Pleas for the State of Delaware, in the case therein stated, as the same now remains of record in the Office of the Court of Common Pleas at Wilmington, Delaware.

WITNESS my hand this 11th day of May            A.D., 2006.

Certificate No.   129-PS
Expiration Date:   Permanent

Exhibit
(C)

# IN THE COURT OF COMMON PLEAS

## FOR THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) Preliminary Hearing - |
| v. | )         December 19, 2005 |
| | ) |
| JAMES ADDISON, JR., | ) Superior Court ID No. 0512007395 |
| | ) |
| Defendant. | ) |

BEFORE:

### COMMISSIONER MARY M. McDONOUGH

APPEARANCES:

#### KARA R. HAINES, ESQ.
for the State

#### LYDIA SWANSON COX, ESQ.
for the Defendant

## PARTIAL TRANSCRIPT OF PRELIMINARY HEARING

2

## INDEX TO TESTIMONY

| STATE'S EVIDENCE | Direct | Cross |
|---|---|---|
| Det. James Diana . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 9 |

- - - - -

3

THE COURT:    Is this Mr. Addison?

MS. COX:    Yes, ma'am.

THE COURT:    Okay.  Thank you.

MS. HAINES:    State calls Detective Diana.

### STATE'S EVIDENCE

### DET. JAMES DIANA

DET. JAMES DIANA, having been duly sworn according to law, was examined and testified as follows:

### DIRECT EXAMINATION

BY MS. HAINES:

Q.    Detective Diana, you're employed with Wilmington Police, is that correct?

A.    Yes, ma'am.

Q.    Were you assigned to investigate an attempted burglary at 1411 North Harrison Street on the 9th day of December of this year?

A.    Apartment No. 3, yes.

Q.    That was Apartment No. 3?

A.    Uh-huh.

Q.    Can you tell us, was a James Addison, Jr. subsequently arrested for attempted burglary and related charges?

A.    Yes, ma'am.

Diana - direct                                    4

Q.    Can you tell us, was he found in or around that residence near that apartment?

A.    He was found at the back door of that residence.

Q.    At the...

A.    The back door, the third floor off the fire escape.

Q.    And approximately what time of day was that?

A.    About 11:30 a.m.

Q.    And can you tell us, did he have anything on his person?

A.    When he was taken into custody?

Q.    Yes.

A.    He had a, he was in possession of a gray-in-color canvas bag with a strap, shoulder strap, and in the bag had six DVD movies.

Q.    The defendant was also charged with possession of burglar tools?

A.    Uh-huh.

Q.    Was there anything found, either on his person or connected to him that could be used to gain entry to, to property?

A.    After Mr. Addison was taken into custody, another officer, John Burns, with Wilmington Police, went to the location where he was first observed, which is the landing of the fire escape that leads into the back door of 1411 North Harrison Street, Apartment No. 3. It had snowed

Diana - direct                                                                 5

the, the night before, and on that landing, there was a, Officer Burns located a pair of pliers. Half of it was in the snow, and the other half was exposed so that it had been dropped or left there, because if it was there before the snow, it would have been covered. So, that was recovered by Officer Burns.

Q.      Okay. Now, you indicated that he was on the landing?

A.      Uh-huh.

Q.      Can you describe for us briefly what the back area looks like, since he was charged with attempted burglary?

A.      That specific address is a semi-detached building. In the rear of that location, you have to, there's a fire escape that leads up to the third floor, the back door of 1411 North Harrison Street, Apartment No. 3. At that landing is the back door, which would be considered the west side third floor.

Q.      So, if you were to open that back door, where, where would you be?

A.      You would go into that apartment, No. 3 of 1411 --

Q.      Okay.

A.      -- North Harrison.

Q.      Okay. Now, can you tell us if the occupants or the owner of that residence ever gave the defendant permission to be on or near that

Diana - direct                                            6

property?

    A.     No, he did not.

    Q.     Now, you indicated that the defendant had six DVD movies?

    A.     Uh-huh.

    Q.     Did you or other officers investigate ownership of those

DVDs?

    A.     After several, after, several hours after he was taken into

custody, it was brought to my attention, by other officer's investigation

with the Wilmington Police, that a burglary had occurred in the same

block. I'm not sure if it's 1407 or 1409 North Harrison Street, but they

link those six DVDs to a apartment in that --

    Q.     Okay.

    A.     -- block --

    Q.     Okay.

    A.     -- that were taken.

    Q.     Now, if we can go back then one moment, I apologize, to the

landing area, can you tell us, the defendant was also charged with criminal

mischief?

    A.     Uh-huh.

    Q.     Was there an area near where he was found in the landing

area that was damaged that would suggest that he was trying to gain

Diana - direct                                             7

entry?

   A.    Yes.  We found out that the door, that specific door had fresh

damage, meaning that the, the molding and the doorjamb for that specific

door had been damaged, as though someone was trying to gain entry by

pushing or forcing it in.  But however, the deadlock bolt prevented that

person from getting in, but there was damage, estimated at, approximately,

$50.00 done.  And that was the, the person that lived there advised us that

that was new damage.

   Q.    Okay.  Now, based on your training, and experience, and

observations that were made, even at this scene, what can the, if you were

in possession of pliers, or had them, what could they be utilized for, if at

all, in connection with this incident?

   A.    It could be used in many ways, as far as prying open doors,

prying open windows, breaking the lock mechanisms to either doors and/or

windows.  It, it could be used to, to break out a pane glass window.  It

could be used for several things.

   Q.    Okay.  Do you recognize James Addison in the courtroom

today?

   A.    Yes, I do.

   Q.    Can you point him out, please?

   A.    He's seated at the defense table in the white jumpsuit, white

**Diana - direct**                                                  8

shirt, white pants (indicating).

        MS. HAINES:    Thank you.  Let the record reflect witness

has identified the defendant.

        Nothing further at this time.

        THE COURT:    Thank you.

        Ms. Cox?

        MS. COX:    If I could have a moment?

        THE COURT:    Certainly.

        Now, Ms. Haines, before we proceed, let me just be clear on

whether the State's direct was evidence on both calendar items one and

two?

        MS. HAINES:    Your Honor, I believe I have an officer.

Officer Mullins is here on, on --

        THE COURT:    On calendar item two.

        MS. HAINES:    -- two.

        THE COURT:    Okay.  I just, because it was --

        MS. HAINES:    Thank you.

        THE COURT:    -- referenced --

        MS. HAINES:    Yes, Your Honor.

        THE COURT:    -- to...

        Okay.  Okay.  So, this is simply calendar item one?

Diana - cross                                                    9

MS. HAINES:   Yes, it is.

THE COURT:   Thank you.

### CROSS-EXAMINATION

BY MS. COX:

Q.    Detective, in your affidavit, you indicate that Captain Jubb

had observed this, okay?  And I guess you spoke to cha, Captain Jubb

about it, because you're the detective --

A.    Uh-huh, yes, ma'am.

Q.    -- that was assigned?

And in this, in paragraph four, it says he observed this

individual attempting to force open the third floor west side door by

pushing his shoulder up against the door, okay?

A.    Yes.

Q.    Now, you also indicate that there were some pliers that were

located.  Can you tell me, approximately, the period of time between the

apprehension of Mr. Addison and the location of these pliers at, at, on that

scene?

A.    As far as time?

Q.    Yes.

A.    I can tell you that I wasn't out there when he was taken into

custody.

Diana - cross                                                10

Q.    Okay.  It says here, approximately, December 9th at 1130 hours?

A.    Uh-huh, yes.

Q.    Okay.  When were the pliers located?

A.    After Mr. Addison was taken into custody, assisted by Officer Burns from Wilmington Police.  He then went up the fire escape and located those pliers.

Q.    Okay.  Can you tell me the date and time that they were located?

A.    I can give you the date, which would be December 9th of this year.  The time, I can't give you the time.  I would only say that it was shortly thereafter he was taken into custody.

Q.    It was shortly thereafter he was taken into custody?

A.    Yes.

Q.    Okay.  And that was the fire escape?

A.    Where he was taken into custody or where the --

Q.    Yes.

A.    -- pliers were --

Q.    Yes.

A.    -- found?

No, he was...

Diana - cross                                    11

Q.    Both.

A.    Mr. Addison was taken into custody down on the ground

level, but the pliers were found up on the landing of the third floor fire

escape.

Q.    Okay.  And the third floor fire, fire escape is accessible by

other people?

A.    Yes.

Q.    Okay.  And you indicate you're not sure exactly when the

pliers were located on that landing.  You just know that it was shortly

thereafter?

A.    Correct.

Q.    And also you said that Captain Jubb told you that the

individual that he observed was pushing his shoulder up against the door?

A.    Yes, ma'am.

Q.    So, did not see this individual using any type of implement or

tire, or pliers?

A.    No.

        MS. COX:   Okay.  Nothing further.

        THE COURT:   Does State have any re-direct?

        MS. HAINES:   One moment, Your Honor.

        Nothing further.

Diana - cross                                          12

THE COURT:   Okay.  State rests?

MS. HAINES:   Yes, Your Honor.

THE COURT:   Thank you.

THE WITNESS:   Thank you, Your Honor.

THE COURT:   Thank you, officer.  You can step down.

THE WITNESS:   Thank you.

- - - - -

13

## CERTIFICATE OF REPORTER

I, Cheryl J. Simmons, Official Court Reporter of the Court of Common Pleas, State of Delaware, do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, as monitored and electronically recorded, in the Court of Common Pleas for the State of Delaware, in the case therein stated, as the same now remains of record in the Office of the Court of Common Pleas at Wilmington, Delaware.

WITNESS my hand this //th day of May A.D., 2006.

Certificate No.   129-PS
Expiration Date:  Permanent





Exhibit
(D)

# PUBLIC DEFENDER OF THE STATE OF DELAWARE
## ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

DADE D. WERB
ASSISTANT PUBLIC DEFENDER

BRIAN J. BARTLEY
CHIEF DEPUTY

TELEPHONE
(302) 577-5133

February 23, 2006

Mr. James Addison
SBI No. 00149487
Howard R. Young Correctional Institution
1301 E 12th Street
Wilmington, DE 19809

      RE:  State of Delaware v. James Addison
           ID No. 0509017496

Dear Mr. Addison:

      Pursuant to your telephone messages, please be advised that I will not be filing any motions for suppression in your case as they are not applicable. In addition, there is no such thing as an evidentiary hearing, your case was indicted, and you have a copy of the Re-Indictment.

      Your Trial is scheduled for June 13, 2006.

Very truly yours,

Dade D. Werb
Assistant Public Defender

DDW/ef

*Exhibit (E)*

Adult Complaint and Warrant
## In the Justice of the Peace Court
In and for the
## State of Delaware

### State of Delaware vs. **JAMES ADDISON JUNIOR**

I, DET JAMES A DIANA (6113) of Wilmington PD, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **3** charges, and to be further dealt with as the law directs.

X_____
Affiant

Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)
A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by a family member against another family member.
D. _____ Other: Explain _____

### Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of **3** charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **JAMES ADDISON JUNIOR** accused, and bring same before

**Justice of the Peace Court 20, FORTHWITH,** to answer said charges

GIVEN UNDER MY HAND, this _____ day of _____, AD _____

_____
Judge/Commissioner/Court Official

Executed on _____ by _____
Case Number: **05 12 007395** Warrant Number: **30 05 005615** Arrest Number:

State of Delaware vs. **JAMES ADDISON JUNIOR**                   Case Number:  05 12 007395

## Exhibit B

SBI Number: **00149487**        Also Known As:
Date of Birth/Age: **11/30/1963 (42)**        Sex: **Male**          Race: **Black**
Eye Color: **Brown**      Hair Color: **Black**      Height: **6'03"**    Weight: **185 lbs**
Driver's License: **DE - 0890962**              Social Security Number: **226040I4**

Address: **1029 N SCOTT ST**                   Next of Kin, Address, Employer
        **WILMINGTON, DE 19805**            **CHARLOTTE ADDISON**
Phone:                                      **1029 N SCOTT ST**
                                            **WILMINGTON, DE 198050000**
Employer: **AMERICAN TANK**                  Phone: **3026582660**

        **(302) 654-4306**
Date and Times of Offense: **12/09/2005 at 1133**
Location of Offense: **1411 N Harrison ST - Wilmington, 19805**

Your affiant DET JAMES A DIANA can truly state that:

1)  Your affiant, Detective James Diana, is employed by the Wilmington Police Department and has been so
employed since October 6, 1986.  Your affiant is currently assigned to the Criminal Investigations Division.

2)  Your affiant can truly state that on Friday, December 9, 2005 at approximately 1130 hours, Wilmington Police
Detective Captain James Jubb was on duty and operating his departmental issued unmarked police vehicle (Dodge
Durango) in the area of the 1200 block Gilpin Avenue.  Detective Captain Jubb was in the area due to the
numerous residential burglaries that have occurred in the area.

3)  Your affiant can truly state that Detective Captain Jubb turned south into a private driveway just east of 1202
Shallcross Avenue.  The driveway led to a private parking lot located in the rear of 1203 Gilpin Avenue.  Upon
entering into the private driveway, Detective Captain Jubb observed an unknown black male on a third floor fire
escape to a semi-detached building located in the 1400 block N. Harrison Street (west side).

4)  Your affiant can truly state that Detective Captain Jubb observed the unknown black male attempting to force
open the third floor, west side door by pushing his shoulder up against the door.  Detective Captain Jubb's advised
that when the unknown black male turned and observed his vehicle in the parking lot, proceeded to light a
cigarette and begin to act like he was speaking to someone in the apartment.

5)  Your affiant can truly state that Detective Captain Jubb called for assistance at which time Master Corporal
John Burns responded to said location.  When the officers responded to the rear of 1411 N. Harrison Street, they
observed the unknown black male begin to come down from the fire escape.  The black male was taken into
custody without incident and identified as JAMES ADDISON, d.o.b. 11-30-63.

6)  Your affiant can truly state that when was taken into custody, he possessed a gray canvass bag with a shoulder
strap that contained six (6) DVD movies.  Master Corporal Burns responded up the fire escape in the rear of 1411
N. Harrison Street where ADDISON was first observed by Detective Captain Jubb.  On the landing to the third
floor door, Master Corporal Burns located a pair of pliers that were half emerged in the snow.  The exposed half
was rusty and dry as though they were just placed or dropped there.

_____
              Affiant
Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
        Judge/Commissioner/Court Official

State of Delaware vs. **JAMES ADDISON JUNIOR**                    Case Number:  05 12 007395

7)  Your affiant can truly state that Detective Captain Jubb spoke to Justin Kreysa, d.o.b. 11-16-80, who resides at 1411 N. Harrison Street, Apt. # 3, Wilmington, Delaware.  Kreysa confirmed that the third floor, west side door to his residence was damaged by someone attempting to gain entry from the outside.  Kreysa said the deadbolt lock prevented the person from entering the apartment, but the door jam and molding was damaged valued at approximately $50.00. ~ *lock  Down the bottom  or the Top*

8)  Your affiant can truly state that Detective Eugene Solge attempted to ascertain a statement form JAMES ADDISON at Wilmington Police headquarters, Criminal Investigations Division, after advising him Miranda Rights.  ADDISON admitted that he was at the above-described location in an attempt to make contact with a subject by the name of "Mark".  ADDISON said he was going to sell the DVDs to him for three dollars a piece.  ADDISON said if he was going to commit a burglary, he would not go through a the door.

9)  Therefore, your affiant prays that a Justice of the Peace Court # 20 arrest warrant is issued for JAMES ADDISON, d.o.b 11-30-63, charging him with the aforementioned offenses.

Affiant: DET JAMES A DIANA (6113) of Wilmington PD

| Victims: | Date of Birth | Relationship Victim to Defendant |
|---|---|---|
| JUSTIN KREYSA | 11/16/1980 | Stranger |
| SOCIETY/PUBLIC | | Stranger |

_____
Affiant

Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

State of Delaware vs. **JAMES ADDISON JUNIOR**          Case Number:  05 12 007395

## Exhibit A

Charge Sequence: 001          Police Complaint Number: 30 05 118920  Arrest Number:
Charge: **Attempted Burglary Second Degree Dwelling**
In Violation of 11 Del.C. § 0531 0001 F D
Location: 1411 N Harrison ST - Wilmington, 19805
TO WIT: JAMES  ADDISON, J, on or about the 9th day of DECEMBER, 2005, in the County of NEW
CASTLE, State of Delaware, did knowingly enter or remain unlawfully in a dwelling located at    1411
N. HARRISON STREET, APARTMENT, WILMINGTON, DELAWARE, with the intent to commit
the crime of  BURGLARY SECOND DEGREE,  therein. By BURGLARY SECOND DEGREEwhich
acts under the circumstances as HE believed them to be constituted a substantial step in a course of
conduct planned to culminate in the commission of the crime of Burglary Second Degree Dwelling in
violation of 11:Del.C.   0825:0001:F:D


Charge Sequence: 002          Police Complaint Number: 30 05 118920  Arrest Number:
Charge: **Possession of Burglar Tools or Instruments Involving Unlawful Entry Upon Premise**
In Violation of 11 Del.C. § 0828 0001 F F
Location: 1411 N Harrison ST - Wilmington, 19805
TO WIT: JAMES  ADDISON, J, on or about the 9th day of DECEMBER, 2005, in the County of NEW
CASTLE, State of Delaware, did possess a pair of pliers which were located on the third floor fire
escape landing to 1411 N. Harrison Street, Apt. # 3, Wilmington, DE.Said location was the point of
entry of an attempt burglary. ⨍ ι η ς·ᵛ  ρ ( ι η )ᶦ૭


Charge Sequence: 003          Police Complaint Number: 30 05 118920  Arrest Number:
Charge: **Criminal Mischief  Under $1000 Damage Property**
In Violation of 11 Del.C. § 0811 00A1 M
Location: 1411 N Harrison ST - Wilmington, 19805
TO WIT: JAMES  ADDISON, J, on or about the 9th day of DECEMBER, 2005, in the County of NEW
CASTLE, State of Delaware, did intentionally cause damage of less than $1000.00 to property
consisting of THIRD FLOOR, WEST SIDE REAR DOOR, DEADBOLT LOCK MECHANISM
ANDDOOR JAM. belonging to JUSTIN  KREYSA.

State of Delaware vs. **JAMES ADDISON JUNIOR**          Case Number:  05 12 007395

## Approval and Arrest Information

Approved by: **100928 : LETTS MARILYN**

Approved on: **12/09/2005 at 04:36 PM**

Approval Entered by: **CJPPYOU : PRESTINA M YOUNG-WIGGINS**


Active Arrest Number: **05005363**

Date of Arrest: **12/09/2005 at 11:30**

Arresting Agency: **Wilmington PD**

Arresting Officer: **M/CPL. BARRY MULLINS (6725)**

ield past 2-Hour

*Exhibit*
*(F)*

# SUPERIOR COURT OF DELAWARE
### Superior Court Reporters Office
### New Castle County Courthouse
### 500 King Street, Suite 2609
### Wilmington, DE 19801-3725
### (302) 255-0572
### FAX (302) 255-2262

__Kathleen D. Feldman, Chief__
**Patrick J. O'Hare, Ast. Chief**

September 4, 2007

**James Addison, SBI# 00149487**
**Sussex Correctional Institution**
**Rt. 113**
**Georgetown, DE 19947**

### RE: APPEAL NO. 464, 2007

Dear Mr. Addison:

Please be advised that preliminary hearing transcripts must be obtained from the Court of Common Pleas.

Thank you.

Very truly yours,

*Superior Court Reporters*

Superior Court Reporters

/kms

The court of common pleas Docket Sheet State
That on 11-7-05, I had my preliminary hearing
for case #050917496, were in fact I did not.
I want The court of common pleas To produce
For me a copy of The sign waiver.
under superior court criminal Rule (5) d.
a defendant is entitled To a preliminary hearing
unless The right is waived.

I want The State Attorney General To produced
The Evidence work sheet for all my possession I
Possess on -12-9-05 when I was arrested,
under Rule ~~illegible~~ Document, Book's, Paper's.
which are within The possession custody or
control of The State upon showing That The
item's sought may Be material To prepartion
of defendts defense and That The request is
reasonably, Bailey - v - State (Del Supr) 521 A.2d.
1069 1987    motion To Compell
court Sent - 4-10-07
common
pleas                                Exhibit a (G)

Dear
    MR.
        Werb, I want you To File a
motion for a Evidentiary hearing. Because
we need The Evidence presented for
The argument of The.

Exhibit
(H)    4-24-06

1.) Specific Fact possession of, Denmioation of
31.00 U.S.C.
officer mullin Stated Specific Fact, That
on his affidviat 0512007453, I was in posse-
ssion of The $31.00 U.S.C.
We want The Evidence workSheeT produced.
Also MR. Werb, MS COX inform me That
you Told her you were going To handle
ordering my Preliminary hearing Transcript
By doing So, you will See were officer
mullin was un-TruthFull.
Also I need For you To Send me a
copy of The indictment For Case #
0512007395, all of Them.
I would as like To Consult with you
about getting Ready For Trial.

                                    Thank's
                            MR. James Addison

c/c ProThonoTary
    P.D. MR. Dade Werb.

INM James Addison
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

office of The clerk
United State District court
844 N. King st lockbox 18
wilm DE
19801