IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ADDISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A.No. 08-101-JJF |
| | ) | |
| MIKE DELOY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

Facts

On August 25, 2005, a residence at 902 North Harrison Street in Wilmington was burglarized, resulting in the loss of a digital camera, $300 in cash, a social security card, two passports, a wrist watch, and wedding photos. An investigation of the crime scene revealed James Addison's fingerprints within the residence. On December 9, 2005, a residence at 1405 North Harrison Street was burglarized, resulting in the loss of six DVD's and $31, as well as damage to the residence. Later that day, police observed Addison on a third floor fire escape in the 1400 block of North Harrison Street attempting to force his way into the home. Police apprehended Addison and found him in possession of six DVD's, the titles of which matched those reported stolen in the burglary of 1405 North Harrison earlier that day. Subsequent investigation revealed that Addison had also attempted to break into residences located at 1407, 1409, 1411, and 1413 North Harrison Street.

Procedural History[1]

Wilmington police arrested James Addison on October 26, 2005, and again on December 9, 2005. (D.I. 1). On November 28, 2005, the New Castle County grand jury indicted Addison. (D.I. 2). On January 9, 2006, Addison was re-indicted consolidating three pending matters (ID Nos. 0512007395, 0512007453, and 0509017496), resulting in the following charges: three counts of attempted burglary in the second degree (11 *Del. C.* §§ 531 and 825); possession of burglar tools (11 *Del. C.* § 828); three counts of criminal mischief under $1,000 (11 *Del. C.* § 811); four counts of burglary in the second degree (11 *Del. C.* § 825); two counts of felony theft (11 *Del. C.* § 841); and two counts of misdemeanor theft (11 *Del. C.* § 841). (D.I. 9). On August 1, 2006, Addison pled guilty to two counts of burglary in the second degree, in exchange for which the prosecution dismissed the balance of the indictment. (D.I. 32). On October 20, 2006, Superior Court sentenced Addison to a total of 16 years at level V, suspended after 13 years for decreasing levels of supervision. (D.I. 35). On January 5, 2007, Addison filed a motion for post-conviction relief. (D.I. 36). On February 15, 2007, defense counsel filed an affidavit in response to Addison's motion. (D.I. 42). On June 15, 2007, Superior Court denied Addison's motion for post-conviction relief. *State v. Addison*, 2007 WL 1731557 (Del. Super. Ct.). (D.I. 45). Addison filed an appeal of the Superior Court's June 2007 order that the Delaware Supreme Court dismissed as untimely. *Addison v. State*, 2007 WL 2898447 (Del. Supr.). Addison filed the instant petition for writ of habeas corpus on February 14, 2008.

Argument

Addison has presented two claims for relief in his petition: 1) ineffective assistance of counsel based on counsel's failure to file pre-trial motions challenging probable cause; and 2) ineffective assistance of counsel for failure to communicate with Addison. (D.I. 1). A state

---

[1] The "(D.I. __)" references in this section alone are to the Superior Court docket in case ID No. 0509017496).

2

prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Addison has not presented either of his claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978).

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose,* 455 U.S. at 510. If however, there is no available state remedy, the prisoner is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). Addison did not file an appeal from his guilty plea and sentence. Were he to attempt to do so now, such an appeal would be dismissed as untimely. Were Addison to attempt such a course of action, his motion would be denied under Superior Court Criminal Rule 61(i)(1) as untimely. *See McLaughlin v. Carroll*, 270 F.Supp.2d 490, 515 (D. Del. 2003); *Kirk v. Carroll*, 243 F.Supp.2d 125, 137 (D. Del. 2003). Rule 61(i)(1) provides that a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." DEL. SUPER. CT. CRIM. R. 61(i)(1). Rule 61 further provides that when a defendant does not file a direct appeal, a judgment of conviction is final 30 days after Superior Court imposes sentence. DEL. SUPER. CT. CRIM. R. 61(m)(1). Addison filed no appeal from his conviction and sentence. Therefore, Addison had until

November 19, 2007, in which to timely file a motion for post-conviction relief. *See, e.g., Boyd v. Garraghty*, 202 F.Supp.2d 322, 330-31 (D. Del. 2002).

In addition, the claims would be foreclosed by Rule 61(i)(4) because Addison previously raised the claims in a post-conviction motion that Superior Court denied. *See, e.g., White v. Carroll*, 416 F.Supp.2d 270, 281 (D. Del. 2006). Addison cannot now return to Superior Court to litigate the issue. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Abu-Jamal v. Horn*, 520 F.3d 272, 286 (3d Cir. 2008); *Reynolds v. Ellingsworth*, 23 F.3d 756, 763 (3d Cir. 1994); *Gattis v. Snyder*, 46 F.Supp.2d 344, 366-68 (D. Del. 1999). Thus, because a state remedy is no longer available to Addison, he is excused from the exhaustion requirement as to these claims. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

In turn, because the Superior Court has formerly adjudicated Addison's ineffective assistance of counsel, these claims are procedurally defaulted under state law. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for the procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *VanLier v. Carroll*, 535 F.Supp.2d 467, 474 (D. Del. 2008); *Dawson v. Snyder*, 988 F.Supp. 783, 805 (D. Del. 1997). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*Murray*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Before dismissing Addison's appeal, the Delaware Supreme Court issued a Notice to Show Cause to provide Addison with the chance to explain why his untimely appeal should not be dismissed. Addison offered no explanation, but rather raised claims of ineffective assistance of counsel. The Delaware Supreme Court found that there was "nothing in the record reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel." Addison has not alleged any cause for his procedural default of these claims, or asserted that he is not guilty of the two burglaries to which he pled guilty. In the absence of cause, the court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine does not excuse Addison's default because he has not provided new reliable evidence of his actual innocence. *See, e.g., Mills v. Carroll*, 515 F.Supp. 2d 463, 468 (D. Del. 2007). This Court should accordingly dismiss his two claims of ineffective assistance of counsel as being procedurally defaulted.

<u>Conclusion</u>

Transcripts of Addison's preliminary hearing on December 19, 2005 have been prepared. Transcripts of Addison's August 1, 2006 guilty plea have also been prepared. The October 20, 2007, sentencing hearing was stenographically recorded, but has not been transcribed. In the event that the Court deems production of these transcript necessary, Respondents anticipate that production of such transcript would require 90 days from the date an order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

                                                /s/ Gregory E. Smith
                                                Gregory E. Smith, I.D. No. 3869
                                                Deputy Attorney General
                                                820 North French Street, 7th Floor
                                                Carvel State Building
                                                Wilmington, Delaware  19801

Dated: May 23, 2008                            (302) 577-8398

## CERTIFICATION OF SERVICE

The undersigned certifies that on May 23, 2008, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on May 23, 2008, that he mailed by United States Postal Service the document(s) to the following non-registered participant:

James Addison
SBI No. 00149487
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398