In The United States District Court
For The District of Delaware

James Addison
    Petitioner      C.A. no 08-101-JJF
    -V-
Mike Deloy et al

Pursuant To The Rule's Governing §2254 Actions 28 U.S.C. Foll § 2254 "Reply Brief" in Response To The State Answer For writ of habeas Corpus

(Fact's)

Fundamental miscarriage of Justice
The preliminary hearing on 12-19-05 Case # 0512007453.
demonstrates cause For The default and resulting prejudice or a Fundamental miscarriage of Justice. Under murray 477 U.S at 493-94 (Quoting United State-V- Frady 456 U.S 152 170(1982)
The Preliminary hearing has Revealed That The contradiction's By Det. mullins, "Stating Fact" on The Affidavit For The arrest Warrant, number #6.
it should be noted That located in The Possession of James Addison were 31.00 U.S. Currency and The denominations were (1) Twenty dollar bill, (1) Ten dollar bill and (1) one dollar bill.
To be under oath at The Preliminary hearing and State, That The money is still out standing! Saying The money

Evidence Found pursuant To a lawful search incident To arrest.

The affidavit For case 0512007453 have deliberate Falsehood and Reckless disregard For The Truth in The arrest warrant affidavit merit Filing a motion To suppress.

Exhibit (C) Affidavit
pargarah (6) of page 1.) (Speccailly Fact)
Det Barry J. mullins stated That "it should Be noted That in The possession of James Addison at The Time of his arrest was Denmication of 31.00 U.S. Curreny (1) Twenty Dollar Bill, (1) Ten Dollar Bill and (1) Dollar Bill." at my preliminary hearing on 12-19-05. 0512007453

Under oath Det. mullins stated page 17) of prelimiary hearing Transcript Exhibit (A) ms Haines assi't A.G.
Question: ms. Haines, To Det mullins is The money still outstanding
A- Det mullins
Yes- correct The money never Been Recoved.

The arrest warrant and The preliminary hearing contradict it self.

If mR Addison Attorney File The Suppressing hearing For The (Four Concer) of The affidavit.

Frank-v- Delaware 98 2674,
[1,2]
Where The defendant make's a Substantial pecliminary Showing That a Fasle statment Knowing and intentionally or with reckless disregard For The Truth was included By The

The affiant in the warrent affidavit and if the allegedly fasle statement is necessary to find of probable cause the Fourth amendment requires that a hearing be held at the defendant request.

The arrest warrant must be voided and the fruits of the arrest warrant excluded to the same extent as if probable cause was lacking on the face of the affidavit Frank-v- Delaware 98 S.CT. 2674 [1,2]

In the event that at that hearing the allegation of perjury or Reckless disregard is established by the Defenday by a preponderance of Evidence and with the affidavit fasle material set to one side the addidavit remaining content is insufficient to Established Probable cause.

Addison ask his Attorney on 4-24-06 lettle form to File a motion to suppress, at the Same Time he ask's mR werb to order preliminary hearing Transcript on 12-19-05 by ms. Cox

Ineffective assistance of Counsel ground(2)
Addison Attoreny stated in a lettler dated Febuary 23 2006 Exhibit (D). There is no such Thing as a Evidentiary hearing indicated in my post conviction That he had detailed discussion's with Addison about his cause and why a motion to Suppress or Addison word's an Evidentiary hearing would not be file in These detailed discussion's did mR werb, inform mR Addison in Fact what he wanted I needed was to file a motion to Compal under Rule 16.(b).(C.) d,

(b.) particular items Addison wish to inspect and copy, Addison ask for a Evidentiary hearing on 4-24-06 (listed as Exhibit (C.) for the D.V.D and 31.00 U.S. Currency.

Rule 16 (C.)(d)
designated Book's, paper document, Tangible object, which are with in the possession, custody or control of the state upon showing that the items sought maybe material to prepartion of defendts defense and that the request is reasonable.

Hammond -v- State 519 A.2d
The preservation of Evidence, if it's determined that the state breached it's duty to presverve Evidence 6. D.V.D, 31.00 U.S. Currency and a gray canves Bag located in the possession of Addison at the time of arrest, Exhibit (B)
Case 0512007395 pargarah (6) page (1) of affidavit

The court will then undertake a sepparate Three part analysis to determine the conseyunes that will flow from that Breach. That Three part analysis involves an examination of:

1.) The degree of negligence or Bad Faith involved.
2.) The importion of the missing evidence considering the probative value and reliablity of secondary or subsititue Evidence that Remains available and
3.) The sufficiency of other Evidence Produced to sustain a Conviction.

1). The degree of negligence or Bad Faith.
Property wasn't available for Fingerprinting
Preliminary hearing Transcript (listed Exhibit B) page 7,
Det. mullins ask By Assist A.G. ms Haines

Q - O-kay now is are The Six (6) D.V.D are They recovered and now returned To The Victim.
A - Det mullins
    Yes

2.) importance of missing Evidence,
Six (6) D.V.D and U.S. Currency 31.00 Dollar,
Evidence was needed To be processed To Substantiate alibi, That The Six (6) D.V.D was perchased on The Street Thus Fingerprinting could establish This The 31.00 Dollor U.S. Currency was never in evidence To Support The allegation That 31.00 U.S Currency in exact denomination as Taken From apartment

3.) Sufficiency of other Evidences
There was no physical evidence or Eyewitness To Establish a Crime of Burglary of Said residence.
Det. mullins allege That, I had Six (6) D.V.D, Cash, and gray canvas bag in my possession for residence. However none of This Evidence was kept or processed, Futher more Det. mullins Testifiled on (Date) That The Cash was outstanding, Thus it could not

have been use to sustain a conviction for Burglary.

Possession of D.V.D was established By defendant admission to possession of items which were purchased on police Report (case#0512007395 of Report) pargarah (8) However possession of the cash was not independenly Established and Futher more Det mullins refute the movent possession to the cash By stating under Oath the cash is still out standing.

4331 Chain of physical custody or Control

1.) Chain of custody mean's:
A.) The seizing officer
B.) The packing officer, if the packing officer is not also the seizing officer.
2.) Chain of custody Evidence by Tracing it's continues where about.

In State-v-winsett Del Supr 200 A2d 237. Court stated,
"Superior Court Criminal Rule 16, has alway's provided that the defendant may inspect, copy, photograh ect. Tangible object within possession custody or control of the state."

Goldsmith-v- State Del Supr
405 A2d 109
State is obliged to account for it's careful custody of evidence from the moment state is in receipt of it until it Trial.

The Test For evidentiary sufficiency in a criminal case is whether after viewing The Evidence in The light most Favorable To prosecution any rational Trier of Fact could have Found The essential elements of Burglary Beyond a reasonable doubt, Wiggins-v-State 324 md 1359

The essential element of (Burglary) are The Breaking and entering of a dwelling of another at night with The intent To commit a felony Oken-v-State 327 md 628

The Breaking element of Burglary may be satisfied By Evidence Showing either an actual Breaking or a Breaking accomplished constructively via artifice, Fraud Conspricacy or Threat.

at Addison preliminary hearing (Transcript listed Exhibit (B))
The essential elements of Burglary was never met
(no prints of Addison, Broken window ect)
page 4 of Exhibit (B) preliminary hearing Transcript, assi't A.G. ms Haines
Q. - Det mullins
now how was entry Reported To have Been made, did you determine That.
A. - Det mullins
yes
The port of Entry was in This Burglary was a Second Floor Rear window which

was left unsecured By occpant of apartment.
no fingerprint were Taking By any one, no Broken windows, no Threat, Fraud or Trick's.

If Evidentiary hearing was conducted 3 Things would have been established
1.) That Det mullins gave False delibrate Reckless disregard for The Truth in The warrant affidavit.
2.) The alleged physical Evidence The (D.V.D, Cash) were not evidence as they were not processed for fringe print, The money photo copy and entered into Evidence Following The proper Chain of custody., (3.) There was insufficient evidence To support a Charge of Burglary and/or subsequent Conviction.
Franks-v-state   98 sc.t 2674
Wiggins-v-state  324 md 1359
Oken-v-state    327 md 628

If adequatly informed about The above Through and Evidentiary hearing The defendant may have chosen To proceed To Trial on This particular case. The lack of evidence To support Burglary, may have led To The dismissal of The Charge or a Jury instruction of a lesser include offense
The absence of The alleged physical evidence would have led The court To Issue a Lolly instruction

To The Jury
Lolly-v-State 611 A.2d 956.
if available would have been exculpatory
On 9-7-07 a notice of appeal was
filed in The supreme court Docketed (#51)
on superior court Docket sheet Exhibit C )
On October 5-2005, The supreme court
dismissed The notice of appeal stating it
must be recieved by The Office of The
clerk of This court within The applicable
Time period in order To be Effective,
Supreme court Rule 11(a) Time
A-Computation in computing any Period of
Time Prescribe or allowed by These Rule, by
order of court or by statute, The day of
The act, event or default after which The
designated period of Time begin To run shall not
be included.
The last day of The Period so computed shall
be included unless it is a Saturday or Sunday
or other legal holiday or other day on which
The office of The clerk is closed in which
event The Period shall run until The end of
The next day on which The office of The clerk
is open, when The Period of Time Prescrible or
allowed is less Than 7 day, intermediate Saturday
Sunday and other legal holiday shall be excluded
in The Computation, as used in The Rule
"legal" holiday shall be Those day provided
by statute or appinted by The Governor or
The Chief Justice of The state of Delaware
There is nothing in The record reflecting
That The appellant fail To file a Timely
notice of appeal in This case.

## Conclusion

All Transcript's needed to be view. The State has copy of them, so I am listing Preliminary hearing Transcript as Exhibit (A) For case# 0512007453 and Exhibit (B) For case# 0512007395.

Exhibit (A) Transcript will Show were Det mullins ("Contradicted") his Self, From Exhibit (C) The Affidavit with the arrest warrant.

Exhibit (B) will show were The State breached it Duty To Preserve The Evidence of The D.V.T, and The gray Canves Bag.

It will also show were the Falshood and Reckless diregard For the Truth is in The Affidavit, By Addison never beening in possession of any U.S. Currency.

There For writ of habeas corpus should be Granted.

James Addison
SBI # 149487
Date: June-3-2008   Sussex Correctional Institution
P.O. Box 500
Georgetown DE 19947

EXHIBIT (C)

Adult Complaint and Warrant
## In the Justice of the Peace Court
In and for the
## State of Delaware

State of Delaware vs. **JAMES ADDISON JUNIOR**

I, M/CPL. BARRY J MULLINS (6725) of Wilmington PD, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **2** charges, and to be further dealt with as the law directs.

X_____
Affiant

Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)

A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain _____

COPY

**Warrant**

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of **2** charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **JAMES ADDISON JUNIOR** accused, and bring same before

**Justice of the Peace Court 20, FORTHWITH, to answer said charges**

GIVEN UNDER MY HAND, this _____ day of _____, AD _____

_____
Judge/Commissioner/Court Official

Executed on _____ by _____
Case Number: **05 12 007453**  Warrant Number: **30 05 005619**  Arrest Number:

State of Delaware vs. **JAMES ADDISON JUNIOR**     Case Number:  05 12 007453

## Exhibit B

SBI Number: **00149487**     Also Known As:
Date of Birth/Age: **11/30/1963 (42)**     Sex: **Male**     Race: **Black**
Eye Color: **Brown**     Hair Color: **Black**     Height: **6'03"**     Weight: **185 lbs**
Driver's License: **DE - 0890962**     Social Security Number: **222604014**

Address: **1029 N SCOTT ST**     Next of Kin, Address, Employer
**WILMINGTON, DE 19805**     **CHARLOTTE ADDISON**
Phone:     **1029 N SCOTT ST**
    **WILMINGTON, DE 198050000**
Employer: **AMERICAN TANK**     Phone: **3026582660**

(302) 654-4306
Date and Times of Offense: **12/09/2005 at 0430**
Location of Offense: **1405 N HARRISON ST - Wilmington, 19806**

Your affiant M/CPL. BARRY J MULLINS can truly state that:
1. Your affiant is currently employed by the Wilmington Department of Police as a police officer and I have been employed in said capacity 11 March 1991. Your affiant is currently assigned to Wilmington Department of Police Criminal Investigative Division
as a criminal investigator.

2. On Friday 09 December 2005, your affiant was assigned to investigate a Burglary 2nd Degree, theft (under) which occurred at 1405 N. Harrison Street, Apt. 2, Wilmington, Delaware. This location is within the boundaries of the City of Wilmington, New Castle County, and the State of Delaware.

3. On Friday 09 December 2005 at 1130 hours, officers of the Wilmington Department of Police apprehended James Addison, black male, d.o.b. 11-30-63 on the rear fire escape of 1411 N. Harrison Street, Wilmington, Delaware. Subsequently located in the possession of James Addison were (6) DVD's and $31.00 United States currency.

4. On Friday 09 december 2005 at 1550 hours, William Moffa, white male, d.o.b. 10-21-70 of 1405 N. Harrison Street, Apt. 2, Wilmington, Delaware notified the Wilmington Department of Police that his apartment have been burglarized.
Your affiant conducted an interview of William Moffa and he stated that he left his residence on this date at 0430 hours and when he returned to his residence at 1430 hours he discovered that (6) DVD's and $31.00 United States currency were missing from his residence.

5. William Moffa stated to your affiant that the (6) stolen DVD's were the following: Batman Begins, Deuce Bigalow European Gigolo, House of Wax, Madagascar, Mr. & Mrs. Smith, and Saturday The 14th. It should be noted that these were the (6) DVD's located in the possession of James Addison.

6. William Moffa also stated to your affiant that the denominations of stolen $31.00 United States currency were (1) twenty dollar bill, (1) ten dollar bill, and (1) one dollar bill. It should be noted that located in the possession of James Addison were $31.00 United States currency, and the denominations were (1) twenty dollar bill, (1) ten dollar bill, and (1) one dollar bill.

_____
Affiant
Sworn to and subscribed to before me this 9th day of December AD, 2005.

_____
Judge/Commissioner/Court Official

State of Delaware vs. **JAMES ADDISON JUNIOR**　　　　　　Case Number:　05 12 007453

## Approval and Arrest Information

Approved by: **100928 : LETTS MARILYN**

Approved on: **12/09/2005 at 09:08 PM**

Approval Entered by: **CJPFLAT : FRANCINA LATIMORE**


Active Arrest Number: **05005363**

Date of Arrest: **12/09/2005 at 11:30**

Arresting Agency: **Wilmington PD**

Arresting Officer: **M/CPL. MULLINS**



*Exhibit D*

# PUBLIC DEFENDER OF THE STATE OF DELAWARE
### ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

**LAWRENCE M. SULLIVAN**  
**PUBLIC DEFENDER**

**BRIAN J. BARTLEY**  
**CHIEF DEPUTY**

**DADE D. WERB**  
**ASSISTANT PUBLIC DEFENDER**

**TELEPHONE**  
**(302) 577-5133**

February 23, 2006

Mr. James Addison  
SBI No. 00149487  
Howard R. Young Correctional Institution  
1301 E 12th Street  
Wilmington, DE 19809

      RE:   State of Delaware v. James Addison  
            ID No. 0509017496

Dear Mr. Addison:

    Pursuant to your telephone messages, please be advised that I will not be filing any motions for suppression in your case as they are not applicable. In addition, there is no such thing as an evidentiary hearing, your case was indicted, and you have a copy of the Re-Indictment.

    Your Trial is scheduled for June 13, 2006.

                                          Very truly yours,

                                          Dade D. Werb  
                                          Assistant Public Defender

DDW/ef

I/M James Addison BLDG. med-A-149487
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Office of The Clerk
United State District Court
844 n. King Street Lockbox 18
Wilmington Delaware
19801