IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ADDISON, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 08-101-JJF |
| MICHAEL DELOY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

James Addison. Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

March 19, 2009
Wilmington, Delaware

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner James Addison. (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2005, a residence at 902 North Harrison Street in Wilmington was burglarized, resulting in the loss of a digital camera, $300 in cash, a social security card, two passports, a wrist watch, and wedding photos. An investigation of the crime scene revealed Petitioner's fingerprints within the residence. On December 9,2 005, a residence at 1405 North Harrison Street was burglarized, resulting in the loss of six DVDs and $31, as well as damage to the residence. Later that day, police observed Petitioner on a third floor fire escape in the 1400 block of North Harrison Street attempting to force his way into the home. Police apprehended Petitioner and found him in possession of six DVD's, the titles of which matched those reported stolen in the burglary of 1405 North Harrison earlier that day. Subsequent investigation revealed that Petitioner had also attempted to break into residences located at 1407, 1409, 1411, and 1413 North Harrison Street. See generally (D.I. 13.)

Wilmington police arrested Petitioner on October 26, 2005,

1

and again on December 9, 2005. On November 28, 2005, the New Castle grand jury indicted Petitioner. On January 9, 2006, Petitioner was re-indicted, consolidating three pending matters and resulting in the following charges: three counts of attempted second degree burglary, possession of burglar tools, three counts of criminal mischief under $1,000, four counts of burglary in the second degree, two counts of felony theft, and two counts of misdemeanor theft. On August 1, 2006, Petitioner pled guilty to two counts of burglary in the second degree, in exchange for which the prosecution dismissed the balance of the indictment. On October 20, 2006, the Delaware Superior Court sentenced Petitioner to a total of sixteen years at Level V, suspended after thirteen years for decreasing levels of supervision. Id.

On January 5, 2007, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied the Rule 61 motion on June 15, 2007. State v. Addison, 2007 WL 1731557 (Del. Super. Ct. June 15, 2007). Petitioner appealed, and the Delaware Supreme Court dismissed the appeal as untimely. Addison v. State, 2007 WL 2898447 (Del. Oct. 5, 2007).

In February, 2008, Petitioner filed the instant Petition. (D.I. 2.) The State filed an Answer, asserting that the Petition should be dismissed in its entirety because the claims contained

therein are procedurally barred. (D.I. 13.) Petitioner filed a Reply, essentially asserting that the records demonstrate his innocence. (D.I. 16.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749

3

(1991); Lines, 208 F.3d at 160.

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice

4

exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

**III. DISCUSSION**

Petitioner asserts two ineffective assistance of counsel claims: (1) counsel failed to file pre-trial motions challenging probable cause; and (2) counsel did not communicate with Petitioner. Although Petitioner raised these claims to the Delaware Supreme Court on post-conviction appeal, the Delaware Supreme Court dismissed the appeal as untimely. Therefore, Petitioner has not exhausted state remedies for claims one and two.

At this juncture, Delaware Superior Court Criminal Rules 61(i)(1) and (4) would bar Petitioner from presenting these claims in new Rule 61 motion.[1] Consequently, Claims One and Two

---

[1] Delaware Superior Court Criminal Rule 61(i)(1) would bar further state court review of Claims One and Two as time- barred because the one-year limitations period for filing a timely Rule

5

are deemed exhausted but procedurally defaulted, and the Court cannot review the merits of the two claims unless Petitioner demonstrates cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result absent such review.

Petitioner has not alleged any cause for his failure to timely file a post-conviction appeal. In the absence of cause, the Court will not address the issue of prejudice. Further, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence.[2] Accordingly, the Court will dismiss Claims One and Two as procedurally barred from federal habeas review.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate

---

61 motion has expired. Rule 61(i)(4) would bar Petitioner from presenting the claims in a new Rule 61 motion because he previously raised the claims in the Rule 61 motion that was denied by the Superior Court. See White v. Carroll, 416 F. Supp. 2d 270, 281 (D. Del. 2006).

[2]To the extent Petitioner's Reply and the exhibits attached thereto are his attempt to trigger the miscarriage of justice exception to the procedural default doctrine, it fails; Petitioner's allegations and attachments do constituted "new reliable evidence" of his actual innocence. See (D.I. 16.)

6

Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**V. CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.