IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ADDISON, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 08-101-JJF |
| | : |
| MICHAEL DELOY, Warden, and | : |
| ATTORNEY GENERAL OF THE STATE | : |
| OF DELAWARE, | : |
| | : |
| Respondents. | : |

### MEMORANDUM ORDER

Petitioner James Addision has filed a "Motion For A Second Extension Of Time To File A Motion For Reconsideration" (D.I. 25) and a Motion For Reconsideration. (D.I. 26.) For the reasons discussed, the Court will grant Petitioner's Motion For An Extension Of Time To File (D.I. 25) and deny Petitioner's Motion For Reconsideration (D.I. 26). In addition, the Court declines to issue a certificate of appealability.[1] See 28 U.S.C. § 2253(c)(2).

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for

---

[1] A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2). The Court is not persuaded that reasonable jurists would disagree with the Court's conclusion that reconsideration is not warranted.

reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D.Del. 1990).

On March 19, 2009, the Court denied Petitioner's Section 2254 Petition after determining that the claims alleged therein were procedurally barred from Federal habeas review as a result of Petitioner's default of those claims in the Delaware State Courts. See (D.I. 17; D.I. 18.) By his Motion for Reconsideration, Petitioner requests the Court to excuse the procedural default of his Federal habeas claims on the basis of his defense counsel's alleged ineffective assistance. However, Petitioner's assertions regarding defense counsel's deficient performance essentially re-assert the same allegations raised in his Reply to the State's Answer, which the Court has previously considered and rejected. (D.I. 17.) To the extent Petitioner suggests that the Court committed a clear error of law, the Court

can discern no such error in its previous decision. Accordingly, the Court concludes that Petitioner has not demonstrated that reconsideration of its decision denying Petitioner relief under Section 2254 is warranted.

July 13, 2010
DATE

[signature]
UNITED STATES DISTRICT JUDGE